UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH H. TAYLOR,

    Plaintiff,

v.                                                Case No. 15-13740

FIAT CHRYSLER AUTOMOBILES, USA       HON. AVERN COHN
LLC, et al.,

    Defendants.
_____/

**MEMORANDUM AND ORDER**
**GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**
**AND**
**DISMISSING COMPLAINT**

I.  Introduction

Plaintiff Keith H. Taylor, proceeding pro se, has filed a complaint. He names seventeen (17) defendants, which include two (2) automotive companies, five (5) law firms, and ten (10) individual attorneys. He says he is bringing a claim against all defendants under 42 U.S.C. § 1983 for violation of his constitutional rights under the 5th and 14th amendments. He seeks Fifteen Billion Dollars in damages.

Plaintiff also seeks to proceed in forma pauperis. Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis (IFP) status. For the reasons that follow, however, the complaint will be dismissed for failure to state a claim.

II.  Legal Standard

Under 28 U.S.C. § 1915 (e)(2)(B) a Court may dismiss a complaint at any time if

it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief.  While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted).  "[A] complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Finally, the Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972).

III.  Discussion

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish:  1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009) (citing Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009)).  Individuals will be "considered state actors for the purposes of § 1983 only if their conduct that allegedly gave rise to the deprivation of the [plaintiff's] constitutional rights may be 'fairly attributable to the State.'" Marie v. Am. Red Cross, 771 F.3d 344, 362 (6th Cir. 2014) (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)).

Plaintiff has not alleged any facts from which the Court could conclude that any

it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief.  While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted).  "[A] complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Finally, the Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972).

III.  Discussion

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish:  1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009) (citing Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009)).  Individuals will be "considered state actors for the purposes of § 1983 only if their conduct that allegedly gave rise to the deprivation of the [plaintiff's] constitutional rights may be 'fairly attributable to the State.'" Marie v. Am. Red Cross, 771 F.3d 344, 362 (6th Cir. 2014) (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)).

Plaintiff has not alleged any facts from which the Court could conclude that any


of the defendants are state actors subject to liability under § 1983. As best as can be gleaned, plaintiff alleges that the various law firms and attorneys mishandled a malpractice case and operated under a conflict of interest in an attempt to deprive plaintiff of due process. The malpractice case apparently grew out of a patent case plaintiff previously filed in this district against Daimler Chrysler, now Fiat Chrysler.[1] None of these allegations remotely indicate state action. Rather, the allegations comprise purely private conduct. Because plaintiff cannot establish an essential element of a § 1983 claim—state action—the complaint is subject to dismissal.

IV. Conclusion

For the reasons stated above, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2) because it fails to state a plausible claim for relief. The Court also certifies that any appeal from this decision could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 29, 2015
       Detroit, Michigan

---

[1] See Taylor v. Daimler Chrysler AG, et al., 00-75350 (E.D. Mich). This case was before the undersigned. Defendants prevailed on summary judgment. See Docs. 147, 148 in case no. 00-75350. The Court of Appeals for the Federal Circuit affirmed. See Doc. 153 in case no. 00-75350.